UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EDWARD THOMAS KENNEDY,       )
                             )
        Plaintiff            )
                             )   1:18-cv-00339-GZS
v.                           )
                             )
STATE OF MAINE, et al.,      )
                             )
        Defendants           )

**RECOMMENDED DECISION AFTER REVIEW
OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff attempts to assert a claim based on his effort to apply to law school.[1] (Complaint, ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**Standard of Review**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

---

[1] Plaintiff named the State of Maine, the University of Maine School of Law, the Maine State Bar Association, and the American Bar Association as defendants.

malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Background Facts

Plaintiff alleges that he refused to take the LSAT test as a prerequisite to admission to law school, and that the University of Maine School of Law refused to accept him as a

2

student based on his failure to submit a test result. (Complaint ¶ 9.) Plaintiff also maintains that the State of Maine, in violation of the antitrust laws, granted a monopoly to the Maine State Bar Association regarding the ability to provide professional legal services. (*Id.* ¶ 36.) Plaintiff identifies a number of theories of recovery, and asks for damages and injunctive relief.

## Discussion

To the extent Plaintiff asserts claims against the State of Maine, the claims are barred by the Eleventh Amendment. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009). In addition, the claims asserted against all defendants are legally baseless and frivolous. *See*, *e.g.*, *Kennedy v. University of Notre Dame Du Lac*, *et al.*, No. 5:18-cv-03747 (E.D. Pa. Sept. 12, 2018) (order dismissing identical claims against Notre Dame Law School, ABA, Pennsylvania Bar Association and others as legally baseless).[2] Dismissal of Plaintiff's complaint, therefore, is warranted.

## Conclusion

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

---

[2] Plaintiff has commenced additional actions in other district courts based on similar allegations. *Kennedy v. Law Sch. Admissions Council, Inc., et al.*, No. 1:18-cv-1316 (D. Del.) (in forma pauperis status granted, pending review); *Kennedy v. Illinois et al.*, No. 1:18-cv-6350 (D. Ill.) (in forma pauperis application pending); *Kennedy v. Massachusetts et al.*, No. 1:18-cv-11856 (D. Mass) (in forma pauperis application pending); *Kennedy v. Vermont et al.*, No. 5:18-cv-139 (in forma pauperis application pending).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2018.